Filed 8/14/25  P. v. Mosley CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336486 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA074598) |
| v. | |
| LAVELLE LEE MOSLEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2014, a jury convicted defendant and appellant Lavelle Lee Mosley of second degree robbery (Pen. Code, § 211)[1] and attempted second degree robbery (§§ 211 & 664). The trial court sentenced defendant to a total of 33 years in state prison, including a one-year sentence enhancement for serving a prior prison term. (Former § 667.5, subd. (b).)

In 2023, at a section 1172.75 resentencing hearing, the trial court struck the one-year prior prison term enhancement, but otherwise reimposed defendant's original sentence.

On appeal, defendant argues that the trial court erred by retaining the high term of imprisonment from his original sentence. We affirm.

## BACKGROUND

I. *Facts*

"On September 12, 2012, at about 10:00 a.m.," defendant and two confederates "entered a Bank of America in a shopping center in Canyon Country." (*People v. Mosley* (Oct. 20, 2015, B255397) [nonpub. opn.] (*Mosley*).) His associates "jumped over the teller counter . . . . [while defendant] stayed in the bank's lobby area. Bank customer David Urzua (Urzua) . . . saw a gun in [defendant's] right hand. [Defendant] pointed the gun around and told everyone to get down on the ground." (*Mosley, supra*, B255397.)

While his confederates stole money from the bank tellers at gunpoint, defendant "took a cell phone from one of the bank's customers . . . . All three robbers then fled together, taking $23,542.04 in cash with them. According to Urzua, the entire

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

robbery took 'two or three minutes at the most.'" (*Mosley*, *supra*, B255397.)

The three robbers drove away, but quickly abandoned their car in a nearby alley and jumped into a black Volvo (the Volvo) driven by a fourth associate. (*Mosley*, *supra*, B255397.) Law enforcement pursued them, prompting a dramatic high-speed chase. (*Ibid.*) When the Volvo "was [finally] forced to stop by a large truck blocking traffic lanes[,] . . . [defendant] was removed from the rear passenger's seat." (*Ibid.*)

At the time of the robbery, defendant, one of his fellow robbers, and the getaway driver were members of the Rollin' 40's criminal street gang. (*Mosley*, *supra*, B255397.) Other gang members published social media posts praising the robbery and lionizing defendant for his role in it. (*Ibid.*)

II.    *Procedural History*

    A.    <u>Conviction, sentencing, and direct appeal</u>

In 2014, a jury found defendant guilty of four counts of robbery (§ 211; counts 1-4) and one count of attempted burglary (§§ 664 & 211; count 7). In committing these offenses, the jury found that defendant had acted in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)) and personally used a firearm (§ 12022.53, subds. (b) & (e)(1)). Defendant admitted that he had served a prior sentence in state prison.

The trial court sentenced defendant to an aggregate term of 33 years in state prison, including the upper term of five years on count 1; one year each for counts 2, 3, and 4; eight months for count 7; 13 years 4 months for the firearm enhancement; and one year for the prior prison term enhancement.[2]

---

[2]    The trial court stayed sentences on the gang enhancements.

3

On direct appeal, we affirmed the judgment. (*Mosley*, *supra*, B255397.)

B. <u>Resentencing and current appeal</u>

On May 25, 2023, the trial court appointed defendant with counsel for a resentencing hearing pursuant to section 1172.75.[3]

Defendant filed a motion requesting a full resentencing, asking the court not only to strike the prior prison term enhancement, but also, as relevant here, to vacate the high term sentence originally imposed on count 1 and apply the recently enacted presumptive midterm sentence. The prosecution opposed the motion.

At the resentencing hearing on December 22, 2023, the trial court struck the one-year prior prison term enhancement, but declined to further reduce defendant's sentence. The court thus resentenced defendant to 32 years in state prison, including the original five-year high term sentence on count 1.

Defendant timely appealed.

## DISCUSSION

I. *Standard of Review*

"We review the trial court's sentencing decision for abuse of discretion and will not set it aside unless it is so irrational or arbitrary that no reasonable person could reach the same result." (*People v. Mathis* (2025) 111 Cal.App.5th 359, 366 (*Mathis*).)

---

[3] Section 1172.75 resentencing proceedings commence upon receipt of a letter from the Department of Corrections and Rehabilitations identifying the defendant as a person qualified for relief (§ 1172.75, subds. (b) & (c)); although such a letter is not referenced in the record, we presume one was received by the trial court.

4

Defendant's appeal also raises issues of statutory interpretation, which we review de novo. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466 (*Brannon-Thompson*).) "Our goal in reviewing statutory language is to determine the legislative intent of the statute. [Citation.] 'Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning.' [Citation.] When the statutory language is unambiguous, its plain meaning controls. [Citation.]" (*Ibid.*)

II.    *Relevant Law*

Section 1172.75 renders "legally invalid" any former section 667.5, subdivision (b) prior prison term enhancement imposed prior to January 1, 2020, except for a prior conviction for a sexually violent offense. (§ 1172.75, subd. (a).) A defendant who qualifies for the recall of his sentence under section 1172.75 is entitled to "a full resentencing" at which the trial court may reconsider all of its prior sentencing decisions. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see also § 1172.75, subd. (d)(2) [requiring application of ameliorative changes in sentencing law].)

"Unless the court originally imposed the upper term, the [resentencing] court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial" by the fact finder. (§ 1172.75, subd. (d)(4); see also § 1170, subds. (b)(1) & (b)(2) [imposing new burden of proof for aggravating factors].)

5

III. *Analysis*

There is a split of authority as to whether, on section 1172.75 resentencing, a defendant is entitled to findings on unadmitted aggravating factors before the trial court imposes an upper term sentence.

Our colleagues in the Third District have held that the plain text of section 1172.75, given its ordinary meaning, does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed. (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458; see also § 1172.75, subd. (d)(4) ["Unless the court originally imposed the upper term . . . ."].) Conversely, our colleagues in the Sixth District interpret section 1172.75 to require aggravating factors be proven beyond a reasonable doubt every time the high term is imposed, without exception. (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329 (*Gonzalez*).)

We agree with *Brannon-Thompson*, *supra*, 104 Cal.App.5th 455 that the plain and unambiguous language of section 1172.75, subdivision (d)(4) "carves out an exception to the general rule [set forth in subdivision (d)(2)] that all ameliorative changes to the law must be applied at a section 1172.75 resentencing[,] and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson*, *supra*, at p. 458; see also *Mathis*, *supra*, 111 Cal.App.5th at p. 374 ["more specific legislative enactments control over general ones"].) As a result, "the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson*, *supra*, at pp. 466–467.)

6

At defendant's resentencing hearing, the original sentencing court imposed the upper term; per section 1172.75, subdivision (d)(4), the resentencing court could do so again without engaging in additional factfinding. We therefore conclude the trial court did not err.[4]

Defendant urges us to follow *Gonzalez, supra,* 107 Cal.App.5th 312, arguing that a contrary interpretation of section 1172.75, subdivision (d)(4) would "negate appellant's [Sixth Amendment] right to findings of facts on aggravators[.]" But we discern no constitutional issues "[w]here, as here, the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed . . . [pursuant to] section 1172.75, subdivision (d)(4)." (*Mathis, supra,* 111 Cal.App.5th 359, 373–374.)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
       ASHMANN-GERST

We concur:

_____, P. J.
LUI


_____, J.
CHAVEZ

---

[4]    Having found no error, we need not address defendant's arguments on prejudice.

7